

1   Antonio Wheeler Pro SE.
2   3961 S. Las Vegas Blvd Apt #14                    2:22-cv-00124-APG-DJA
3   Las Vegas, NV 89119
4   Telephone: (702) 7838232              Civil Action # _____
    Fax: (702) 4444619
5   Email: skiiboskitv@gmail.com
6   Counsel for Plaintiff Antonio Wheeler / Brandon Summers (A.W/SB)

7           UNITED STATES DISTRICT COURT

8               DISTRICT OF NEVADA

9   Antonio Wheeler, an individual,

10                  Plaintiff,

11          vs.                              Case. No.:

12  LAS VEGAS METROPOLITAN POLICE      COMPLAINT
    DEPARTMENT, in its official capacity;
13  SHERIFF JOSEPH LOMBARDO, in his   [JURY TRIAL DEMANDED]
    official capacity as Sheriff of the Las Vegas
14  Metropolitan Police Department; OFFICER
15  T. NYE. 05 an individual and in his capacity
    as a Las Vegas Metropolitan Police
16  Department Officer; B. Garcia #18283
17  as an individual and in his capacity as a Las
    Vegas Metropolitan Police Department
18  Officer; Zimmerman, Ann E
19  as an individual and in his official
    capacity as a Las Vegas Metropolitan Police
20  Department Officer; Kern, Rebecca
    , as an individual and in his
21  official capacity as a Las Vegas Metropolitan
22  Police Department Officer; Cooke
    , as an individual and
23  in his official capacity as a Las Vegas
    Metropolitan Police Department; OFFICER
24  Blake Vernon #15609 , as an individual
25  and in her official capacity as a Las Vegas
    Metropolitan Police Department Officer;
26  Gerardo . Reyes #17062 , as an
    individual and in his official capacity as a
27  Las Vegas Metropolitan Police Department;
28  Christopher Ries #14078 as an individual and

FILED _____ RECEI...
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD
JAN 24 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

1    in his official capacity as a Las Vegas
2    Metropolitan Police Department Officer,

        Defendants.
3

4        Plaintiff A. Wheeler, by and through his counsel of record, hereby files this

5    Complaint for damages pursuant to 42 U.S.C. § 1983 (civil action for deprivation of rights),

6    28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C.§ 1367(a) (supplemental

7    jurisdiction), and 28 U.S.C. § 2201 (creation of remedy).

                        **NATURE OF THE ACTION**
8

9        Plaintiff A. Wheeler is an artist and street performer. For the past seven years,

10    Mr.        , who was born with a congenital condition which limits the use of his arms and

11    legs, has made his living as a street performer, working in front of the Bellagio Hotel and

12    Casino on the Las Vegas Strip (in the Las Vegas Resort District), drawing images of his own

13    imaginings using his mouth, a small portable table which he uses as an easel, and a limited

14    number of art supplies..

15        Mr Wheeler carefully engaged in his street performance to avoid blocking or

16    impeding the flow of pedestrian traffic in front of the Bellagio fountains. The Clark County,

17    Nevada, Code of Ordinances (the "Clark County Code" or "CCC") permits his conduct, and

18    the First Amendment of the United States Constitution protects Mr. Taylor's right to engage

19    in free expression on the Strip—as the Las Vegas Metropolitan Police Department ("Metro")

20    well knows. Despite these facts. starting in or around April 2017, Metro officers began

21    harassing Mr Wheeler and violating his First Amendment rights, citing him several times for

22    obstructive use of a public sidewalk pursuant to CCC § 16.11.070, leading to multiple

23    criminal matters against him—each of which has been resolved in his favor.

24        This is an action under 42 U.S.C. § 1983 seeking to address (1) the

25    unconstitutionality of the Code as applied to Mr. Wheeler, (2) the unconstitutional overbreadth

26    and vagueness of the Code; (3) Defendant Metro's,                    , (            in

    Officer T. NYE        s,                    , Officer
27
    Office            s, Officer            , and Officer        's violations of
28
    Mr Wheeler rights under the First, Fourth, and Fourteenth Amendments to the United States

                                    2

1  Constitution, including his right to equal protection under the laws; (4) Defendants'

2  violations of Mr. Wheeler's statutory rights under the Americans with Disabilities Act; and,

3  (5) Defendant Metro's unlawful policy and practice of permitting its officers to harass, cite,

4  and seize property from Mr. Wheeler for engaging in protected street performance which

5  violated Mr. Taylor's rights to free speech, free expression, and to be free from unlawful

6  seizures under the United States and Nevada Constitutions.

7         This action also seeks to address Mr. Wheeler's state tort claims against Defendants

8  for negligent training and supervision, as well as conversion. This Court has supplemental

9  jurisdiction over the state law claims.

10        Mr. Wheeler also seeks a permanent injunction and declaratory relief to redress

11  Defendants' willful, deliberate, and clear constitutional violations, and the harm—which is

12  ongoing and irreparable—that he has suffered as a result. Furthermore, Mr.        r is entitled

13  to damages, costs, attorney's fees, punitive damages, and any other relief this Court deems

14  appropriate as a victim of civil rights violations and as a victim of tort damages.

### JURISDICTION AND VENUE

16        1.      Jurisdiction is conferred on this Court by U.S.C. § 1331 *et seq.* for civil

17  rights claims arising under the Constitution and laws of the United States. Pursuant to § 1331,

18  this Court has original subject matter jurisdiction over Mr. Wheeler's claims brought under 42

19  U.S.C. § 1983.

20        2.      This Court has jurisdiction over claims arising under the laws of the State

21  of Nevada pursuant to the supplemental jurisdiction provided for by 28 U.S.C.§ 1367(a).

22        3.      The prayer for relief is predicated on 28 U.S.C. § 2201 and Fed. R. Civ. P.

23  38. This Court has jurisdiction to award Mr. Taylor damages pursuant to 42 U.S.C. § 1983

24  and Nev. Rev. Stat. § 41.130. Authorization for the request of attorney's fees and costs is

25  conferred by 42 U.S.C. § 1988(b).

26        4.      The Defendants acted, purported to act, and/or pretended to act in the

27  performance of their official duties, and thus Defendants acted under color of law and are

28  subject to liability as state actors pursuant to 42 U.S.C. § 1983.

5.    Because Defendants are not arms of the State, this suit is not barred by the Eleventh Amendment to the United States Constitution. *See Eason v. Clark County Cty. Sch. Dist.*, 303 F.3d 1137, 1147 (9th Cir. 2002); *Culinary Workers Union v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999).

6.    The acts or omissions giving rise to Mr. Wheeler's claims all occurred in Clark County, Nevada, and all parties reside or operate in Clark County, Nevada. Thus, pursuant to 28 U.S.C. § 1391(b)(2) and (c), venue is proper in the United States District Court for the District of Nevada.

### PARTIES

7.    During all relevant times herein, Plaintiff Antonio Wheeler was and is an artist and street performer who resides in Clark County, Nevada.

8.    Defendant Metro is the law enforcement agency for Clark County and the City of Las Vegas. Defendant Metro is sued in its official capacity.

9.    Upon information and belief, Defendant Metro is aware of and has either explicitly or implicitly condoned or created a policy and practice of allowing Metro officers to enforce Clark County Code ("Clark County Code" or "CCC") § 16.11.090 arbitrarily and/or intentionally to chill constitutionally protected street performances in and around the Las Vegas Resort District.

10.    The Code does not criminalize street performances in and around the Las Vegas Resort District.

11.    Upon information and belief, Defendant Metro has a policy and practice of allowing its officers to violate the law with impunity and has created or failed to address a culture at Metro that its officers are above the law.

12.    Upon information and belief, Defendant Metro has failed to adequately train its officers to refrain from engaging in police misconduct, abusing their position of power, and improperly citing individuals engaged in constitutionally protected street performances.

13.    Defendant Joseph Lombardo ("Sheriff Lombardo") is the Sheriff of Metro, and was the Sheriff of Metro at all relevant times herein. Sheriff Lombardo and all Metro

4

1  concerning defendants named herein.

2  <u>**STANDING**</u>

3      25.    Mr. ___ and continues to be directly affected by Defendants' practices

4  and policies of violating the constitutional rights of individuals based upon their exercise of

5  constitutional rights, as set forth more fully herein, and/or other abuses by Defendants acting

6  under color of law.

7      26.    An actual case and controversy exists between Mr. ___ and Defendants

8  concerning their respective rights, privileges, and obligations.

9  <u>**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**</u>

10  *Plaintiff 1*

11      27.    Mr. Wheeler a street artist who was ~~born~~ not born with a PTSD

12  c

13

14      28.    Because of his disability, Mr. ___ relies on a speaker for mobility.

15      29.    Because of his disability, Mr. Wheeler cant continue with

16  his street performance

17      30.    For the past seven years, Mr. Wheeler has been a street performer in the Las

18  Vegas strip, drawing art of his own imaginings using his mouth, a small portable table, and

19  a limited number of art supplies. Mr. Wheeler accepts tips and donations, but never charges a

20  fee for the original song he creates.

21      31.    Mr. ___ has always set up at the same location: the large sidewalks

22  outside the shack shake / NYNY Hotel / MGM Hotel)

23      32.    The sidewalk has a guardrail separating pedestrians from vehicle traffic on

24  Las Vegas Boulevard.

25      33.    Mr. Wheeler positions himself with the back of his speaker to the guardrail

26  so that he does not impede the flow of pedestrian traffic on the sidewalk while he is engaged

27  in his performance.

28  ///

1   police officers are vested with the authority to enforce both Nevada statutory law and the

2   Clark County Code. Sheriff Lombardo has final policymaking authority for Metro internal

3   policies and is vested with supervisory authority over all Metro officers.

4         14.    On information and belief, Sheriff Lombardo is aware of, and has either

5   explicitly or implicitly condoned or created a policy and practice of deliberate indifference

6   toward the constitutional rights of persons engaging in free speech activities, such as artistic

7   performances, on public forum sidewalks.

8         15.    On information and belief, despite clearly-established law indicating that

9   the sidewalks on public thoroughfares are public forums, Sheriff Lombardo has failed to

10  implement policies safeguarding citizens' First Amendment rights in these forums and has

11  failed to adequately train his officers to protect citizens' First Amendment rights in these

12  forums.

13        16.    Upon information and belief, Defendant Officer  Mr. T NYE

14  ("Officer  NYE ) is an officer at Metro.

15        17.    Upon information and belief, Officer TNYE is an officer at Metro.

16        18.    Upon information and belief, Officer TNYE z is an officer at Metro.

17        19.    Upon information and belief, Officer Weston Ferguson ("Officer

18  ") is an officer at Metro.

19        20.    Upon information and belief, Officer Thomas Albright ("Officer Albright")

20  is an officer at Metro.

21        21.    Upon information and belief, Officer  .                              ("Officer

22  ") is an officer at Metro.

23        22.    Upon information and belief, Officer (              y ("Officer (      )

24  is an officer at Metro.

25        23.    Upon information and belief, Officer R. Thorne ("Officer        ") is an

26  officer at Metro.

27        24.    The naming of defendants herein is based upon information and belief. Mr.

28  Wheeler reserves his right to name additional defendants and modify his allegations

1    1110 (D. Nev. 2011) (citing *Venetian Casino Resort, L.L.C. v. Local Joint Executive Board*

2    *of Las Vegas*, 45 F. Supp. 2d 1027, 1036 (D. Nev. 1999)).

3        39.    According to clearly established case law, "a thoroughfare sidewalk,

4    seamlessly connected to public sidewalks at either end and intended for general public use"

5    is "a public sidewalk, and consequently, a traditional public forum from which [the

6    sidewalk's private owners] have no right to exclude members of the public." *Perez-Morciglio*

7    *v. Las Vegas Metropolitan Police Dept.*, 820 F. Supp. 2d 1100, 1111 (D. Nev. 2011) (citing

8    *Venetian Casino Resort, L.L.C. v. Local Joint Executive Board of Las Vegas*, 45 F. Supp. 2d

9    1027, 1036 (D. Nev. 1999)).

10        40.    Metro and its officers have been parties to a number of lawsuits regarding

11    infringement of free speech rights in the Las Vegas Resort District. For example, on July 9,

12    2009, two street performers filed suit in federal court alleging constitutional violations after

13    Metro officers cited them for storing materials or obstructing the sidewalks on the Las Vegas

14    Strip. *See Banasik et al. v. Clark County et al.*, U.S. Dist. Ct. Case No. 2:09-cv-01242-LDG-

15    GWF ("*Banasik*"). *Banasik* was resolved pursuant to a settlement agreement between the

16    parties.

17        41.    Just a few years ago, in *Santopietro v. Howell*, 857 F.3d 980 (9th Cir. 2017),

18    the Ninth Circuit addressed free speech in the Las Vegas Resort District. In that case, the

19    plaintiff was a street performer who performed as a "sexy cop" on the sidewalks in the Las

20    Vegas Resort District and was cited by Metro officers for allegedly conducting a business

21    without a license, a violation of Clark County Code § 6.56.030. The officers' citation for a

22    violation of Clark County Code § 6.56.030 was predicated on the fact that the plaintiff

23    solicited tips in exchange for posing for pictures. *Id.* at 984. In its opinion reversing summary

24    judgment, the Ninth Circuit reiterated that the sidewalks in the Las Vegas Resort District are

25    public fora, *id.* at 988, and that performances on public sidewalks are protected under the

26    First Amendment as expressive activity. *Id.* at 987 (citing *Berger*, 569 F.3d at 1035-36). The

27    Ninth Circuit also reiterated that the solicitation of tips is "entitled to the same constitutional

28    protections as traditional speech." *Id.* at 988 (quoting *ACLU of Nev. v. City of Las Vegas*,

*History of Litigation Concerning the Las Vegas Resort District*

34.    For "[t]ime out of mind public streets and sidewalks have been used for public assembly and debate, the hallmarks of a traditional public forum." *Frisby v. Schultz*, 487 U.S. 474, 480 (1988) (quotation omitted). They are the "archetype" of a traditional public forum. *Id.* As the United State Court of Appeals for the Ninth Circuit has explained, "[t]he protections afforded by the First Amendment are nowhere stronger than in streets and parks, both categorized for First Amendment purposes as traditional public fora." *Berger v. City of Seattle*, 569 F.3d 1029, 1035–36 (9th Cir. 2009) (citations omitted). Public sidewalks are also a traditional public forum and are open to the public for expressive activities. *United States v. Grace*, 461 U.S. 171, 179 (1983).

35.    The United States Court of Appeals for the Ninth Circuit has repeatedly specifically found that the sidewalks located within the Las Vegas Resort District are public fora.

36.    The Ninth Circuit issued its first decision pertaining to the public nature of the sidewalks in the Las Vegas in 1998 in *S.O.C., Inc. v. County of Clark*, 152 F.3d 1136 (9th Cir. 1998.) In that case, the Circuit held that a Clark County Ordinance which prohibited canvassers from distributing leaflets on the sidewalks in the Las Vegas Resort District was facially overbroad and thus unconstitutional on its face. *Id.* at 1140. In so holding, the Circuit noted that there was "no dispute that the Ordinance regulates activities occurring in a public forum." *Id.* at 1144.

37.    Three years later, the Ninth Circuit issued another opinion finding that the streets and sidewalks in the Las Vegas Resort District are public fora. *Venetian Casino Resort, LLC v. Local Joint Executive Board of Las Vegas*, 257 F.3d 937 (9th Cir. 2001).

*Metro's Involvement In Litigation Concerning the Strip*

38.    According to clearly established case law, when a sidewalk performs an essential public function, it is a traditional public forum and its private owner does not have the right to exclude individuals from the sidewalk based upon permissible First Amendment activity. *Perez-Morciglio v. Las Vegas Metropolitan Police Dept.*, 820 F. Supp. 2d 1100,

1    ***History of the Clark County Code***

2        47.    The current version of the Clark County Code is the result of civil rights

3    litigation addressing issues very similar to the ones presented in the instant Complaint.

4        48.    As noted above, on July 9. 2009, two street performers filed suit in federal

5    court alleging constitutional violations after Metro officers cited them for storing materials

6    or obstructing the sidewalks on the Las Vegas Strip. *See Banasik et al. v. Clark County et*

7    *al.*, U.S. Dist. Ct. Case No. 2:09-cv-01242-LDG-GWF.

8        49.    In the course of the litigation, the parties—which included Metro and

9    individual Metro officers as defendants—entered into a Memorandum of Understanding

10   ("MOU") (attached hereto as **Exhibit ("Exh.") 1**) in which the parties agreed that street

11   performing is expressive speech or conduct protected by the First Amendment and that street

12   performing was not a violation of, *inter alia*, the provisions of Chapter 16.11 of the Clark

13   County Code of Ordinances. (**Exh. 1** at p. 2, ¶¶ 3-4.)

14       50.    As part of the MOU, the parties agreed to pursue various provisions of the

15   Clark County Code, including CCC § 16.11.070. (**Exh. 1**, p. 3 ¶ 1.)

16       51.    On November 16, 2010, the Clark County Board of County Commissioners

17   voted to amend Chapter 16.11 of the Clark County Code to include the definition of "street

18   performer" and to clarify that materials can be placed on public sidewalks. (**Exh. 2** (Bill No.

19   11-3-10-4); *see also* **Exh. 3** (summary of Final Action 2010.11.16) at p. 19.)

20   ***Metro Officers Repeatedly and Improperly Cite Mr.*** Wheeler ***for Violating the Code***

21       52.    Between approximately 3/6PM and 3-6-21   , Mr. Wheeler was able to create

22   songs for pedestrians in exchange for tips in his customary position on the sidewalk outside the

23   MGM /NYNY  ; without incident.

24       53.    On information and belief, in or around 3-6-21   , Metro officers began

25   harassing and citing street performers in the Las Vegas Resort District, including Mr. Wheeler

26       54.    On information and belief, Metro officers told Mr. Wheeler that he needed a

27   permit to engage in his street performance and special dispensation to use the small portable

28   table he relies on to create his art.

10

1  466 F.3d 784, 792 (9th Cir. 2006)).

2  **Clark County Code § 16.11.070**

3      42.   The Clark County Code limits individuals' ability to store property on the

4  sidewalks in and around the Las Vegas Resort District. It provides as follows:

5          No equipment, materials, parcels, containers, packages, bundles or other
           property may be stored, placed or abandoned in or on the public sidewalk.
6          This provision shall not apply to materials or property held or stored in a
           carry bag or pack which is actually carried by a pedestrian or items such as
7          a musical instrument case or a backpack which is temporarily placed next
           to a street performer for that street performer's use unless said musical
8          instrument actually obstructs the sidewalk in violation of this chapter.

9

10  CCC § 16.11.070.

11      43.   Thus, the Clark County Code prohibits the storage of materials on a public

12  sidewalk unless the materials are temporarily placed there by a street performer or the street

13  performers' materials are actually obstructing the sidewalk.

14      44.   "Street performer" is defined as a member of the general public who

15  engages in any performing act or the playing of any musical instrument, singing or

16  vocalizing, with or without musical accompaniment, and whose performance is not an

17  official part of a sponsored event." CCC § 16.11.020(i).

18      45.   Publicly painting is a "performing act" and the First Amendment mandates

19  that street painters be afforded the same rights as performers who sing, dance, or wear

20  costumes and play characters. CCC § 16.11.020(i).

21      46.   Maintaining a table, chair, or other "structure" on the sidewalk that does not

22  actually obstruct the sidewalk and is connected to First Amendment activity is expressly

23  excluded from the definition of "obstructive use." CCC § 16.11.020(e)(1) (defining

24  "obstructive use" as "[p]lacing, erecting or maintaining an unpermitted table, chair, booth or

25  other structure upon the public sidewalk, if the placing, erecting, or maintaining of the table,

26  chair, or booth is not protected by the First Amendment or if the placing, erecting, or

27  maintaining of the table, chair, or booth is protected by the First Amendment but is actually

28  obstructive").

9

1    65.    Officer Davies issued Mr. Taylor a citation for obstructive use of the

2    sidewalk in violation of CCC § 16.11.090.

3    66.    As with the June 11, 2017 citation, the citation Officer Davies issued Mr.

4    Taylor instructed him to appear in Las Vegas Justice Court on July 13, 2017.

5    67.    At the July 13, 2017 hearing in Las Vegas Justice Court, the Clark County

6    District Attorney notified that it would not be proceeding with the citation, and the court

7    dismissed the citation.

8    c.    21PC038069 **Citation**

9    68.    At approximately 9:18 p.m., Mr. Wheeler was in his usual location in front of

10    the Shake shack/MGM engaging in his customary street performance. As usual, Mr Wheeler

11    had positioned his speaker *in Tree* against the guardrail running along the sidewalk, and had his

12    small portable PA and limited Mic supplie in front of his speaker r. (*See* **Exh. 4.**)

13    69.    Officer Cooke—the same Metro officer who had issued Mr Wheeler a

14    citation on Aug 23-2021—approached Mr. Wheeler and issued him a citation for obstructive

15    use pursuant to CCC § 16.11.090, citing violations of CCC § 16.11.035 (engaging in

16    obstructive use) and CCC § 16.11.070 (storage of materials on public sidewalk).

17    70.    Mr. Wheeler was again required to retain counsel to represent him in

18    challenging the 21PC038069 citation.

19    71.    Mr. W/D/s opted to proceed to a bench trial on his citation, which was

20    conducted on 8,23-2021 in Las Vegas Justice Court. Was Dismissed

21

22

23

24

25

26

27

28    / / /

12

1          **a.**    ~7~7-21~7 Citation

2          55.    On the evening of June 10 into the early morning of .            , Mr.

3    Taylor was engaged in street performance in his customary spot on the sidewalk outside the

4    Bellagio fountains. As is his custom, Mr. *Wheeler* was positioned against the guardrail

5    separating the sidewalk from *MGM Hotel LV* Mr. *Wheeler* was accompanied by his

6    *girl Friend Allysia Roedd*,

7          56.    At approximately 1:15 a.m., Metro Officers Young and Kravitz walked over

8    to the area where Mr. Taylor was creating his art.

9          57.    The officers issued Mr. Taylor a citation for obstructive use of the sidewalk

10    in violation of CCC § 16.11.090, and conducting business on a public right-of-way in

11    violation of CCC § 6.04.130.

12          58.    During the *7-17-21*     encounter, Officer *TNYE* behaved in an

13    aggressive manner towards Mr. Taylor, and threatened to call the Internal Revenue Service.

14          59.    Additionally, Officer Young seized the small portable table Mr. Taylor

15    relies on to help him in his street performance.

16          60.    The citation issued by Officer Young and Officer Kravitz issued to Mr.

17    Taylor required him to appear in Las Vegas Justice Court on *Aug 26-2021*

18          61.    Mr. Taylor was required to retain counsel to represent him at the July 13,

19    2017 hearing.

20          62.    At the *Aug 2621* hearing, the Clark County District Attorney notified

21    the court that it would not be proceeding with the citation, and the court dismissed the

22    citation.

23          **b.**    *06038145* Citation

24          63.    On ·            at approximately 10:55 p.m., Mr. *Wheeler* was again at his

25    customary spot on the sidewalk outside the *Shake Shack* engaging in his street

26    performance.

27          64.    As Mr. *Wheeler* was engaged in his street performance, he was approached

28    by Metro Officer J *TNYE*

11

1

2

3

4

5

6

7

8

9    77.    Mr. W/BS Speaker,    was critical to the district court's determination; in

10    holding that the Code was unconstitutional as applied to him, the district court noted that Mr.

11    W/BS    needed his small portable speaker to engage in his street performance, and CCC §

12    16.11.070 unconstitutionally penalized him for using the speaker (Id., ¶ 21.)

13    78.    On    , the Las Vegas Justice Court dismissed Mr. Wheeler

14    case. he was dll pain Due to visit at clark county Jail on 3800 Block Las vegas Blvd LV NV 89109 @ 2a:ll For case# LL V2106060558857 By T. Nye

15    **d.    September 7, 2017 Citation** went to E.R. Sunrise; aug 26 arrested on aug 25 with Dr Valles/Dr Lindsey C. Blake M.D

16    79.    At approximately 2211 p.m. on    , Mr. Wheeler was again

17    in his customary spot against the sidewalk guardrail outside the NYNY hotel    ; engaged

18    in his street performance.

19    80.    As he was engaged in his street performance, Mr. Wheeler was approached

20    by Metro Officers T. NYE    and B. GARia #18283 both of whom were equipped

21    with body-worn cameras.

22    81.    Although the body cameras worn by Office T. Nye    and Officer B. GARia

23    revealed that Mr. W/BS. was positioned by the guardrail (and thus away from the flow of

24    pedestrian traffic), the officers nevertheless issued M. W/BS. a citation for obstructive use

25    of a public sidewalk in violation of CCC § 16.11.070.

26    82.    In addition to issuing Mr. Wheeler a citation, Officers    and

27    seized Mr. Wheeler's small portable speaker

28    ///

13

83. Mr. Wheeler was yet again required to retain counsel to challenge his citation.

84. On Dismissal Mr. Wheeler Asked a motion to dismiss the citation with the Las Vegas Justice Court.

85. The Clark County District Attorney did not oppose Mr. Wheeler motion to dismiss.

86. On 9-5-21 the Las Vegas Justice Court dismissed the 7, citation.

e. 9-14-21 Citation

87. On , at approximately 8:58 p.m., Mr. Wheeler was again in his customary spot against the sidewalk guardrail outside the NYNY Hotel engaged in his street performance.

88. While he was engaged in his street performance, Mr. Wheeler was approached by Metro Officer T. Ngaye

89. Officer T.Nye z then issued a citation to Mr. Wheeler for obstructive use of a sidewalk in violation of CCC § 16.11.090.

90. Once again, Mr. Wheeler was required to retain counsel to represent him in challenging the citation.

91. On next court date Mr. Wheeler filed a motion to dismiss with the Las Vegas Justice Court.

92. The Clark County District Attorney did not oppose Mr. Wheeler, motion to dismiss.

93. On That Day the Las Vegas Justice Court dismissed Mr. Wheeler's case.

f. 20T00883 Citation

94. On at approximately p.m., Mr. Wheeler was again in his customary spot against the sidewalk guardrail outside the NYNY/Zimmerman AnnE. engaged in his street performance.

95. As he was engaged in his performance, Mr. W/S B was approached by Metro Officer Zimmerman, Ann E.

14

96.    Officer Ann E. issued Mr S. B. ... a citation for obstructive use of a sidewalk pursuant to CCC § 16.11.090.

97.    Mr. W/SB was again required to retain counsel to represent him in challenging his citation.

98.    On 7/29/2020 Mr. SB filed a motion to dismiss with the Las Vegas Justice Court.

99.    The Clark County District Attorney did not oppose Mr. Taylor's motion to dismiss.

100.    On September 28, 2018, the Las Vegas Justice Court dismissed Mr. SB citation.

g.    20T00883 citation

101.    On 9-15-2020 pproximately #60883n., Mr. SB was again in his customary spot against the sidewalk guardrail outside the Stated Location engaged in his street performance.

102.    As he was engaged in his street performance, Mr. SB was approached by Officer Z. Zimmerman, Ann E # 26T00883

103.    Officer Thorne issued Mr. SB citation for obstructive use of a sidewalk pursuant to CCC § 16.11.090.

104.    Mr. SB represented this case at the Las Vegas Justice Court on 9/15/2020@ 9:30 Am

105.    When Mr. SB appeared at the Las Vegas Justice Court pursuant to the citation, the Clark County District Attorney's Office dropped the charges.

h.    **Additional Harassment and Threats**

106.    On information and belief, in addition to the multiple citations described above, Metro officers have on numerous occasions threatened to cite and/or arrest Mr Wheeler/SB for engaging in his street performance.

107.    On information and belief, these threats have repeatedly caused Mr. W/SB to stop his street performance.

# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
#### TO THE CONSTITUTION OF THE UNITED STATES
#### PURSUANT TO 42 U.S.C. § 1983
#### (CCC § 16.11.070 IS UNCONSTITUTIONAL AS APPLIED TO MR. TAYLOR)
#### (AGAINST ALL DEFENDANTS)

108.    Mr. W/SB repeats and realleges Paragraphs 1 through 107 as though fully set forth herein

109.    The First Amendment to the United States Constitution, as applied to state governments through the Fourteenth Amendment, prohibits a state from "abridging the freedom of speech." U.S. Const. Amend. I.

110.    The First Amendment prohibits "restrict[ing] expression because of [expression's] message, its ideas, its subject matter, or its content." *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 573 (2002).

111.    Although a municipality may place reasonable time, place, and manner restrictions on speech in public fora, those restrictions must be content neutral and narrowly tailored to serve a significant government interest. *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784, 792 (9th Cir. 2006).

112.    Defendants, acting under color of law, have caused and will cause Mr. W/SB to be deprived of his constitutional rights in violation of 42 U.S.C. § 1983.

113.    "An as-applied challenge contends that [a] law is unconstitutional as applied to [a] litigant's particular speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.1998). Thus, a successful "as-applied" challenge does not invalidate the law itself, but only the particular application of that law. *Id.*

114.    While CCC § 16.11.070's prohibition against storing materials may be capable of valid application to other street performers, it is not valid as applied to Mr. W/SB because of his PTSD disability.

///

16

115.    On every occasion that Mr. W/SB has been cited by Defendants for violating the Code, he was engaging in a protected street performance.

116.    Because Mr. W/SB is disabled and has limited use of his hands, he must use a wheelchair and can only create art using his mouth. Thus, the use of a small portable *speakers* a necessary and indispensable part of his street performance.

117.    Because his street performance is protected speech, any ordinance which has the effect of preventing him from engaging in street performance is an improper restriction on his First Amendment rights.

118.    Without a declaratory judgment from this Court stating that CCC § 16.11.070 is unconstitutional as applied to Mr. W/SB under the First and Fourteenth Amendments to the United States Constitution, Mr. W/SB faces a real and serious threat of prosecution if he continues to engage in his protected street performances.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *ET SEQ*
### (CCC § 16.11.070 AS APPLIED TO MR. TAYLOR VIOLATES THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *ET SEQ.*)
### (AGAINST ALL DEFENDANTS)

119.    Mr. W/SB repeats and realleges Paragraphs 1 through 118 as though fully set forth herein.

120.    At all times material hereto, Mr. W/SB is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

121.    In adopting the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), Congress found that "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society," but that many people with disabilities "have been precluded from doing so because of discrimination." 42 U.S.C. § 12101(a)(1). To correct that discrimination, Congress adopted the ADA to, among other things, "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1) and (2).

122.    One of the standards codified by the ADA is that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

123.    The Ninth Circuit has held that city sidewalks are a service, program, or activity of a city within the meaning of the ADA, and thus "[m]aintaining their accessibility for individuals with disabilities" falls within the scope of the ADA. *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002).

124.    Clark County has a duty to maintain the accessibility of the sidewalks along Las Vegas Boulevard for all persons with disabilities, including disabled street performers like Mr. Wheeler

125.    Because he has limited use of his        and ...., Mr. W/SB r must use a Speaker , and must also rely on a small portable SAX to engage in his chosen performance—creating artwork by Singing with his mouth.

126.    As applied to Mr. Wheeler CCC § 16.11.070 violates the ADA because it criminalizes his reliance on the tools he needs to engage in his chosen form of protected artistic expression.

127.    Without a declaratory judgment from this Court stating that CCC § 16.11.070 as applied to Mr. Wheeler violates the ADA, Mr. Wheeler faces a real and serious threat of prosecution if he continues to engage in his constitutionally-protected street performances.

### THIRD CAUSE OF ACTION
#### VIOLATION OF THE FOURTEENTH AMENDMENT
#### TO THE CONSTITUTION OF THE UNITED STATES
#### PURSUANT TO 42 U.S.C. § 1983
#### (CCC § 16.11.070 AS APPLIED TO MR. W/SB  VIOLATES EQUAL PROTECTION)
#### (AGAINST ALL DEFENDANTS)

128.    Mr. Wheeler repeats and realleges Paragraphs 1 through 127 as though fully set forth herein.

///

129.    The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 2.

130.    Because Mr. ___ ∽ ⌐ requires the use of a *PA* ⸱ due to his *mental* disabilities, CCC § 16.11.070 as applied to him creates a situation wherein despite his right to engage in his chosen artistic expression, engaging in that expression subjects him to citations and harassment from law enforcement that a street performer with full use of his or her limbs would not experience.

131.    Without a declaratory judgment from this Court stating that CCC § 16.11.070 as applied to Mr.W/SB  violates the Equal Protection Clause of the Fourteenth Amendment, Mr.W/SB ⸱ faces a real and serious threat of prosecution if he continues to engage in his protected street performances.

**FOURTH CAUSE OF ACTION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(CCC § 16.11.070 IS UNCONSTITUTIONALLY OVERBROAD)
(AGAINST ALL DEFENDANTS)

132.    Mr.W/SB ⸱ repeats and realleges Paragraphs 1 through 131 as though fully set forth herein.

133.    A law is overbroad if it "does not aim specifically at evils within the allowable area of State control but, on the contrary, sweeps within its ambit other activities that in normal circumstances constitute an exercise of freedom of speech." *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940); *accord Klein v. San Diego County*, 463 F.3d 1029,1038 (9th Cir. 2006); *see also Clark v. City of Los Angeles*, 650 F.2d 1033, 1039 (9th Cir. 1981) (a "law is void on its face if it sweeps within its ambit not solely activity that is subject to governmental control, but also includes within its prohibition the practice of a protected constitutional right").

19

134.    CCC § 16.11.070 is also unconstitutionally overbroad because it chills protected conduct—namely, Mr. W/SB    constitutional right to engage his street performance.

135.    Despite the fact that street performance is constitutionally protected expressive conduct, Mr. W/SB   has been repeatedly cited for performing.

136.    Although Clark County may have a legitimate interest in ensuring the unimpeded flow of pedestrian traffic, the Code is substantially overbroad in relation to this interest because it prevents Mr. W/SB   from engaging in his street performance.

137.    Without a declaratory judgment from this Court stating that CCC § 16.11.070 is overbroad, Mr. W/SB  faces a real and serious threat of prosecution if he continues to engage in his protected street performances.

**FIFTH CAUSE OF ACTION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(CCC § 16.11.070 IS UNCONSTITUTIONALLY VAGUE)
(AGAINST ALL DEFENDANTS)

138.    Mr. W/SB  repeats and realleges Paragraphs 1 through 137 as though fully set forth herein.

139.    The vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (internal citations omitted).

140.    In a facial vagueness challenge, the ordinance need not be vague in all applications if it reaches a "substantial amount of constitutionally protected conduct." *Kolender*, 461 U.S. at 359, n.8 (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 (1982)).

141.    The need for definiteness is greater when the ordinance imposes criminal penalties on individual behavior or implicates constitutionally protected rights than when it regulates the economic behavior of businesses. *Hoffman Estates*, 455 U.S. at 498–99.

20

142.    CCC § 16.11.070 is unconstitutionally vague both because it fails to provide street performers like Mr. W/SB    with adequate notice of prohibited conduct, and because it does not provide adequate law enforcement guidelines.

143.    CCC § 16.11.070 prohibits storing "equipment, materials, parcels, containers, coolers, packages, bundles or other property" on sidewalks on the Las Vegas Strip, but specifically provides that street performers may temporarily place those items on the sidewalk during their performance unless they are actually obstructive.

144.    A person of ordinary intelligence reviewing the Code would not understand that the nonobstructive use of a small PA    that is integral to a street performance would violate the Code.

145.    CCC § 16.11.070 is also unconstitutionally vague because it does not provide law enforcement adequate guidelines to prevent arbitrary enforcement.

146.    Without these adequate guidelines, the Code risks arbitrary and discriminatory enforcement—a fact that is evident here where, despite Mr. W/SB    efforts to conform to the requirements of the Code, officers still cite him for violating it.

147.    Without a declaratory judgment from this Court stating that CCC § 16.11.070 is unconstitutionally vague, Mr. W/SB    faces a real and serious threat of prosecution if he continues to engage in his protected street performances.

### SIXTH CAUSE OF ACTION
#### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
#### TO THE CONSTITUTION OF THE UNITED STATES
#### PURSUANT TO 42 U.S.C. § 1983
#### (RIGHT TO FREE SPEECH AND EXPRESSION)
#### (AGAINST ALL DEFENDANTS)

148.    Mr. W/SB : repeats and realleges Paragraphs 1 through 147 as though fully set forth herein.

149.    Defendants acted under color of law, and their actions violated Mr. W/SB rights to freedom of speech and free expression as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

/ / /

21

150.    CCC § 16.11.070 only prohibits street performers from temporarily storing items on the sidewalk if those items "actually obstruct[]" the sidewalk.

151.    CCC § 16.11.070 contains a specific exemption for "materials or property held or stored in a carry bag or pack which is actually carried by a pedestrian or items such as a musical instrument case or a backpack which is temporarily placed next to a street performer for that street performer's use unless said musical instrument actually obstructs the sidewalk."

152.    Mr. W/SB  temporary placement of a PA in Back of his Body falls within this exemption because the PA Mr. Taylor uses for his street performance is a small portable folding Manner and necessary to perform his art in light of his PTSD imitations.

153.    Mr. W/SB  s use of the small portable P, A s as part of his performance does not obstruct pedestrian traffic because Mr. WASB   PA is very small and Mr. W/SB intentionally positions his PA in Trees against the sidewalk guardrail to allow pedestrians to pass by without hindrance.

154.    Defendant Officers T. NYE and B. GArc's actions of citing Mr Wheeler on All Dates  for obstructive use of a public sidewalk while he was engaged in his street performance and their seizure of the PA that he needs to engage in his protected street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

155.    Defendant Officer T. NYE' actions of citing Mr. Wheeler on All Dates and             for obstructive use of a public sidewalk while he was engaged in his street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

156.    Defendant Officers T. NYE  and B. GArc's actions of citing Mr. Wheeler on All Dates #   for obstructive use of a public sidewalk while he was engaged in his street performance and their seizure of the table that he needs to engage in his protected street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

1  history drew the inference that Metro's policies caused a substantial risk of violations of

2  citizens' First Amendment rights.

3     163.   As a direct and proximate result of Defendants' violations of the First and

4  Fourteenth Amendments, Mr. W/SB  has suffered, is suffering, and will continue to suffer

5  damages in an amount subject to proof.

6     164.   Mr. W/SB  is entitled to monetary, compensatory, and punitive damages

7  from Defendants.

8     165.   It has been necessary for Mr. W/SB  to retain the services of attorneys to

9  pursue this matter, and Mr. W/SB  is entitled to attorney's fees, costs, and prejudgment

10  interest.

**SEVENTH CAUSE OF ACTION**
VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS
TO THE CONSTITUTION OF THE UNITED STATES
PURSUANT TO 42 U.S.C. § 1983
(RIGHT TO FREE SPEECH AND EXPRESSION – CHILLING EFFECT)
(AGAINST ALL DEFENDANTS)

15    166.   Mr. W/SB  repeats and realleges Paragraphs 1 through 165 as though fully

16  set forth herein.

17    167.   Defendants acted under color of law, and their actions violated Mr. W/SB 's

18  rights to freedom of speech and expression as guaranteed by the First and Fourteenth

19  Amendments to the United States Constitution.

20    168.   Defendant Metro's actions of harassing and citing citizens engaged in

21  protected street performance in and around the Las Vegas Resort District improperly

22  restrained and chilled Mr. W/SB 's rights to free speech and expression as guaranteed by the

23  First and Fourteenth Amendments to the United States Constitution.

24    169.   Defendant Metro is liable because at all relevant times Defendant Metro

25  was responsible for making and enforcing policies with respect to officer interactions with

26  citizens and ensuring, via adequate training and supervision that officers were aware of

27  relevant law with respect to free speech and expression, and Defendant Metro failed to do so

28  by permitting its officers to regulate, harass, and cite citizens for engaging in protected street

24

157.    Defendant Officer Zimmerman's actions of citing Mr. SB on 20T00883, 2020 for obstructive use of a public sidewalk while he was engaged in his street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

158.    Defendant Officer R. Kern's actions of citing Mr. SB on 19CC04841, for obstructive use of a public sidewalk while he was engaged in his street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

159.    Defendant Officer All Above actions of citing Mr. W/SB on All Dates for obstructive use of a public sidewalk while he was engaged in his street performance violated his rights to freedom of speech and expression as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

160.    Defendant Metro is liable for its employees' actions because at all relevant times it was responsible for making and enforcing policies with respect to Metro officer interactions with citizens and ensuring that officers uniformly enforce laws and do not cite or harass persons exercising their constitutional rights.

161.    Further, Defendant Metro failed to make and enforce constitutional policies with respect to Metro officers' interactions with citizens. Defendant Metro failed to do so by harassing and citing Mr. W/SB on multiple occasions for engaging in constitutionally protected street performance. As evidenced by these repeated interactions with Mr. W/SB and the history of litigation concerning speakers' First Amendment rights on the Las Vegas Strip, Defendant Metro's policies were not narrowly tailored to fulfill a compelling government interest, and constituted deliberate indifference to the constitutional rights of street performers Metro officers are likely to encounter. Therefore, Defendant Metro's policies and actions violated the First and Fourteenth Amendments.

162.    Defendant Sheriff Lombardo is liable because at all relevant times, he was aware of the extensive history of litigation regarding Metro's citing and detaining individuals engaged on constitutionally protected speech activities on the Las Vegas Strip, and from this

23

1   performances.

2       170.   As evidenced by the repeated unconstitutional citations of Mr. W/SB for

3   engaging in constitutionally protected expressive activities on the Las Vegas Strip, as well

4   as the numerous cases brought against it regarding its repeated, unlawful citation and

5   detention of plaintiffs engaged in expressive activities on the Las Vegas Strip, Defendant

6   Metro's failure to enforce these policies and train and supervise its officers with respect to

7   those engaging in expressive activities in public for a constitutes deliberate indifference to

8   the First Amendment rights of those whom Defendant Metro's officers are likely to come

9   into contact.

10       171.   Had Defendant Metro adequately trained its officers, Mr. W/SB 's

11   constitutional injury—violation of his right to free speech—would have been avoided.

12       172.   Defendant Sheriff Lombardo is liable because at all relevant times, he was

13   aware of the extensive history of litigation regarding Metro's citing and detaining individuals

14   engaged on constitutionally protected speech activities on the Las Vegas Strip, and from this

15   history drew the inference that Metro's policies caused a substantial risk of violations of

16   citizens' First Amendment rights.

17       173.   Mr. W/SB continues and intends to continue engaging in his street

18   performance in the future. Mr. W/SB relies on his street performances to provide an outlet

19   for his artistic expression, and relies on the tips he receives in exchange for his original works

20   of art to supplement his income.

21       174.   Based on previous harassment, citations, and prosecution for engaging in

22   his street performance, Mr. W/SB fears that if he engages in his street performance in the

23   only way he is physically capable of doing—i.e., using a small portable PA so that he can

24   Sing/Dance of his own devising with his mic/PA—he will be prosecuted. Mr. W/SB

25   continues to engage in his street performance, but fears that Metro officers will cite him and

26   seize his property.

27       175.   Defendants' actions of harassing and citing Mr. W/SB have restricted,

28   chilled, and inhibited the speech and expression of Mr. W/SB and other non-party

1    individuals. While Mr. W/SB continues to and will continue to engage in his chosen street

2    performance, he is constantly fearful that he will be unlawfully harassed and cited by Metro

3    officers.

4        176.    As a direct and proximate result of Defendants' violations of the First and

5    Fourteenth Amendments, Mr. W/SB has suffered, is suffering, and will continue to suffer

6    damages in an amount subject to proof.

7        177.    Mr. W/SB is entitled to monetary, compensatory, and punitive damages

8    from Defendants.

9        178.    It has been necessary for Mr. W/SB to retain the services of attorneys to

10   pursue this matter, and Mr. W/SB is entitled to attorney's fees, costs, and prejudgment

11   interest.

12                          **EIGHTH CAUSE OF ACTION**
                 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
13                   TO THE CONSTITUTION OF THE UNITED STATES
                           PURSUANT TO 42 U.S.C. § 1983
14           (RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES)
15           (AGAINST DEFENDANTS YOUNG, FERGUSON, ALBRIGHT, AND METRO)

16       179.    Mr. W/SB repeats and realleges Paragraphs 1 through 178 as though fully

17   set forth herein.

18       180.    The Fourth Amendment to the United States Constitution provides that he

19   "right of the people to be secure in their persons, houses, papers and effects, against

20   unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV.

21       181.    Defendants acted under color of law, and violated Mr. W/SB s right to be

22   free from unlawful searches and seizures as guaranteed by the Fourth and Fourteenth

23   Amendments to the United States Constitution. Defendant Officers Young, Ferguson, and

24   Albright unlawfully seized Mr. W/SB s portable PA —which Mr. W/SB needs to engage

25   in his street performance because of his disability—without reasonable suspicion that he

26   committed a crime.

27       182.    Defendant Metro is liable because at all relevant times it was responsible

28   for making and enforcing policies with respect the Officer Defendants' seizures of property

1  and ensuring that such seizures are conducted within the parameters of the law, and

2  Defendant Metro failed to do so.

3        183.    As evidenced by the repeated unconstitutional citations of Mr. W/SB   for

4  engaging in constitutionally protected expressive activities on the Las Vegas Strip, as well

5  as the numerous cases brought against it regarding its repeated, unlawful citation and

6  detention of plaintiffs engaged in expressive activities on the Las Vegas Strip, Defendant

7  Metro's failure to enforce these policies and train and supervise its officers with respect to

8  unconstitutional seizures of property constituted deliberate indifference to the Fourth

9  Amendment rights of those whom Defendant Metro's officers are likely to come into contact.

10        184.    Had Defendant Metro adequately trained its officers, Mr. W/SB  's

11  constitutional injury—the unreasonable seizure of his property—would have been avoided.

12        185.    Defendant Sheriff Lombardo is liable because at all relevant times, he was

13  aware of the extensive history of litigation regarding Metro's citing, detaining, and seizing

14  the property of individuals engaged on constitutionally protected speech activities on the Las

15  Vegas Strip, and from this history drew the inference that Metro's policies caused a

16  substantial risk of violations of citizens' Fourth and Fourteenth Amendment rights.

17        186.    As a direct and proximate result of Defendants' violations of the Fourth and

18  Fourteenth Amendments, Mr. W/SB  has suffered, is suffering, and will continue to suffer

19  damages in an amount subject to proof.

20        187.    Mr. W/SB   is entitled to monetary, compensatory, and punitive damages

21  from Defendants.

22        188.    It has been necessary for Mr. W/SB  to retain the services of attorneys to

23  pursue this matter, and Mr. W/SB  is entitled to attorney's fees, costs, and prejudgment

24  interest.

25        189.    As a direct and proximate result of Defendants' violations of the First and

26  Fourteenth Amendments, Mr. W/SB  has suffered, is suffering, and will continue to suffer

27  damages in an amount subject to proof.

28  / / /

**NINTH CAUSE OF ACTION**
VIOLATION OF THE CONSTITUTION OF THE STATE OF NEVADA – FREE SPEECH
PROTECTIONS
(AGAINST ALL DEFENDANTS)

190.    Mr. W/SB repeats and realleges Paragraphs 1 through 189 as though fully set forth herein.

191.    Mr. W/SB 's rights to speech and expressive conduct are impermissibly restricted, chilled, deterred and inhibited by the actions of Defendants.

192.    Art 1, § 9 of the Constitution of the State of Nevada provides "[e]very citizen may freely speak, write, and publish his sentiments on all subjects . . . and no law shall be passed to restrain or abridge the liberty of speech . . . ."

193.    Defendants' actions, as alleged herein, constitute violations of Mr. W/SB 's rights under the Constitution of the State of Nevada, Art. 1, § 9.

194.    Mr. W/SB is entitled to monetary, compensatory, and punitive damages from Defendants.

195.    It has been necessary for Mr. W/SB to retain the services of attorneys to pursue this matter, and Mr. W/SB is entitled to attorney's fees, costs, and prejudgment interest.

196.    As a direct and proximate result of Defendants' violations of the First and Fourteenth Amendments, Mr. W/SB has suffered, is suffering, and will continue to suffer damages in an amount subject to proof.

**TENTH CAUSE OF ACTION**
NEGLIGENT TRAINING, SUPERVISION, AND RETENTION
UNDER NEV. REV. STAT. § 41.130
(AGAINST DEFENDANT METRO)

197.    Mr. W/SB repeats and re-alleges Paragraphs 1 through 196 as though fully set forth herein.

198.    Defendant Metro owed a duty to persons such as the Mr. W/SB to use reasonable care in the training, supervision, and retention of their employees to make sure that their employees are fit for their positions by implementing policies and procedures designed to prevent wrongful acts by their employees, such as those committed by Defendant

28

1  Officers Listed above,

2      199.   Defendant Metro breached this duty by failing to train its officers regarding

3  the First Amendment free speech rights of individuals to engage in expressive conduct such

4  as street performances in and around the Las Vegas Resort District, thereby creating a

5  situation where its officers improperly enforce CCC § 16.11.070.

6      200.   Moreover, Defendant Metro has breached this duty by failing to train its

7  officers regarding the MOU Defendant Metro entered into in *Banasik et al. v. Clark County*

8  *et al.*, U.S. Dist. Ct. Case No. 2:09-cv-01242-LDG-GWF, in which the parties agreed that

9  street performing is expressive speech or conduct protected by the First Amendment and that

10  street performing was not a violation of, *inter alia*, the provisions of Chapter 16.11 of the

11  Clark County Code, thereby creating a situation where its officers are enforcing CCC §

12  16.11.070 in violation of the terms of the MOU.

13      201.   Defendant Metro is not entitled to discretionary immunity because its lack

14  of adequate training and supervision regarding the rights of individuals to engage in free

15  speech and expressive conduct such as street performances violated—and continues to

16  violate—Mr. W/SB's constitutional rights.

17      202.   Defendant Metro is liable because at all relevant times, the officers were in

18  the employ of Metro and Metro is responsible for Metro's officers' conduct. Defendant

19  Metro's officers were not acting independently, committed the wrongful acts during the

20  course of their official duties as police officers, and such actions were reasonably foreseeable

21  considering the nature and scope of their employment as police officers.

22      203.   As a direct and proximate result of Defendant Metro's failure to adequately

23  train its officers, Mr. W/SB has suffered, is suffering, and will continue to suffer damages

24  in an amount subject to proof.

25      204.   Mr. W/SB is entitled to monetary, compensatory, and punitive damages

26  from Defendants.

27      205.   It has been necessary for Mr. W/SB to retain the services of attorneys to

28  pursue this matter, and Mr. W/SB is entitled to attorney's fees, costs, and prejudgment

interest.

## ELEVENTH CAUSE OF ACTION
### CONVERSION
### (AGAINST DEFENDANTS YOUNG, FERGUSON, ALBRIGHT AND METRO)

206.    Mr. W/SB repeats and realleges Paragraphs 1 through 205 as though fully set forth herein.

207.    Defendant T. NYE exercised wrongful dominion over Mr. W/SB 's property, his small portable table that he needs to engage in his street performance, when he seized Mr. W/SB 's PA on Dates listed . That PA has     been returned to Mr. W/SB

208.    Defendants T. NYE     and All Above exercised wrongful dominion over Mr. Wheeler property, his small portable table that he needs to engage in his street performance, when they seized Mr. Wheeler. PA on 9-05-21     . That    : has    : been returned to Mr. Wheeler Damaged By Officer # Garcia. B # 210800055857 @ 6:55 property # D107

209.    Defendant Metro is liable because at all relevant times it was responsible for making and enforcing policies with respect the Officer Defendants' seizures of property and ensuring that such seizures are conducted within the parameters of the law, and Defendant Metro failed to do so.

210.    As set forth in Paragraphs 1 through 209, Defendants have engaged in tortious or unlawful conduct that cannot be justified or excused in law.

211.    As a result of these breaches, Mr. W/SB  has suffered, is suffering, and will continue to suffer damages in an amount subject to proof, and Plaintiff is entitled to declaratory relief against Defendants; attorneys' fees and costs from Defendants; and monetary, compensatory, and punitive damages from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. W/SB respectfully prays as follows:

a.    A declaration that CCC § 16.11.070 is unconstitutional as applied to Mr. W/SB

b.    A declaration that CCC § 16.11.070 as applied to Mr Wheeler violates the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*;

1        c.        A declaration that CCC § 16.11.070 as applied to Mr. W/SB    violates his

2    right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States

3    Constitution;

4        d.        A declaration that CCC § 16.11.070 is unconstitutionally overbroad;

5        e.        A declaration that CCC § 16.11.070 is unconstitutionally vague;

6        f.        A permanent injunction preventing Defendant Metro and its officers from

7    violating the constitutional rights of individuals by improperly citing street performers for

8    obstructive use of public sidewalk;

9        g.        An award requiring all Defendants to pay monetary and compensatory

10   damages in an amount to be determined at trial;

11       h.        An award against the individual Defendants for punitive damages in an

12   amount to be determined at trial;

13       i.        An award of attorney's fees and expenses under 42 U.S.C. § 1988(b); and

14       j.        Any further relief the Court deems appropriate.

15

16   DATED this 24ᵗʰ day of Jan, 2022

17

18            /s/

19            Antonio M. Wheeler

20            3961 S. Las Vegas BLvd Apt, 14
             Las Vegas, NV 89119
21           Telephone: (702)783 8232
22           Email: Skiiboskitv@gmail.com
             *Counsel for Plaintiff pro SE*
23

24

25

26

27

28

31