UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Antonio Wheeler,<br><br>　　　　Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>　　　　Defendants | Case No. 2:22-cv-00124-CDS-DJA<br><br>**Order Denying Plaintiff's Motion to Reopen the Case, Granting Plaintiff's Request for Copies of the Orders in this Case, and Denying IFP Application**<br><br>[ECF Nos. 15, 16] |

　　　　This is a 42 U.S. Code § 1983 action that was initiated by pro se plaintiff Antonio Wheeler in January of 2022. *See* ECF No. 1. On May 6, 2022, I issued an order adopting the report and recommendation (R&R) of United States Magistrate Judge Daniel J. Albregts that I deny plaintiff's motions for a preliminary injunction and temporary restraining order, and that I dismiss the complaint with leave to amend for failing to state a claim upon which relief could be granted.[1] Order, ECF No. 11 (addressing R&R, ECF No. 5). Wheeler failed to file an amended complaint before the deadline, therefore the case was closed on May 6, 2022. *See* Order, ECF No. 11; J., ECF No. 12.

　　　　On January 2, 2025, Wheeler filed a motion to reopen the case, stating he needs additional time to gather evidence in support of this case and several others filed in this district. Mot., ECF No. 15 at 1. Wheeler states he has been homeless but is now stable. *Id.* at 1–2. He also asks for "free copies from [the] Clerk's office," which I liberally construe as a request for copies of the orders in this case. *Id.* at 2. For the reasons set forth herein, I deny Wheeler's request to reopen the case, but grant his request for copies. Because this action will remain closed, I deny his renewed application for *in forma pauperis* (IFP) status. ECF No. 16.

---

[1] The order also overruled Wheeler's objections to the R&R.

## I. Discussion

This action has been closed for approximately twenty months. The complaint was dismissed without prejudice after Wheeler failed to file an amended complaint. *See* ECF No. 11 at 2. Wheeler now moves to reopen the case but does not cite to any points and authorities supporting his request. Although that alone is sufficient to deny his motion,[2] given his pro se status, the court liberally construes his request as a motion to reopen this case under Federal Rule of Civil Procedure 60(b).[3]

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be brought within a reasonable time, and, for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Deyoung v. On Habeas Corpus*, 2013 WL 1876120, at *2 (E.D. Cal. May 3, 2013).

---

[2] Local Rule 7-2(d) states that the "the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

[3] Federal courts have a duty to construe pro se pleadings liberally. *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995).

Wheeler has not met his burden showing relief is warranted under Rule 60 because his motion lacks any information or argument as to why this court should reverse its prior decision to adopt the R&R and dismiss the complaint without prejudice. Moreover, this court lacks jurisdiction to grant relief under sections (1) through (3) because it was filed more than one year after entry of judgment. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (district court lacked jurisdiction to consider Rule 60(b)(2) motion filed more than one year after entry of judgment); *Waggoner v. McGray, Inc.*, 743 F.2d 643, 645 (9th Cir. 1984) (holding that court lacked jurisdiction to grant relief under Rule 60(b)(1) because appellees did not file their motion within one year of entry of judgment).

Although the court is empathetic to Wheeler's personal challenges, there is an insufficient basis to grant relief under Rule 60(b)(6). Courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). To obtain relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* Here, the complaint was dismissed without prejudice, so if not legally barred for some other reason, Wheeler can bring a new case with the same underlying allegations. Accordingly, Wheeler's motion to reopen is denied. The court does, however, grant his request for copies of filings in this case as a courtesy.

## II. Conclusion

IT IS HEREBY ORDERED that Wheeler's motion to reopen the case and application to proceed in forma pauperis **[ECF Nos. 15, 16] are DENIED**.

The Clerk of Court is directed to send Wheeler courtesy copies of the filings docketed at ECF Nos. 1, 2, 3, 5, 6, 7, 8, 11, and 12.

Dated: January 6, 2025

_____
Cristina D. Silva
United States District Judge